UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CRAIG A. PRATT,<br><br>              Plaintiff,<br><br>   v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,<br><br>              Defendant. | CASE NO. 3:17-cv-05692-DWC<br><br>ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

      Plaintiff Craig A. Pratt filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of his application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

      After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in failing to properly consider the medical opinion of Dr. Melanie Mitchell, Psy.D. Had the ALJ properly considered Dr. Mitchell's opinion, the ALJ may have determined Plaintiff is

ORDER REVERSING AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS -
1

disabled or included additional limitations in the residual functional capacity ("RFC") assessment. Therefore, the ALJ's error is harmful and this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Deputy Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

FACTUAL AND PROCEDURAL HISTORY

On November 21, 2008, Plaintiff protectively filed his first application for SSI, alleging disability as of November 20, 2008. *See* Dkt. 8, Administrative Record ("AR") 114. Plaintiff's claim was denied upon initial administrative review and reconsideration. *Id.* Plaintiff appeared at a video hearing in Olympia, Washington and ALJ Thomas Norman ("ALJ Norman") presided over the hearing from Houston, Texas on February 11, 2010. AR 74-110, 114. On March 30, 2010, ALJ Norman found Plaintiff was not disabled. AR 111-127. On September 24, 2010 Plaintiff's request for review of ALJ Norman's decision was denied by the Appeals Council. AR 128-131.

On March 4, 2013, Plaintiff filed a second application for SSI, alleging disability as of September 1, 1986. *See* Dkt. 8, Administrative Record ("AR") 133. The application was denied upon initial administrative review and reconsideration. *See* AR 132-157. Two hearings were held before ALJ Michael Blanton (hereinafter "the ALJ") on April 20, 2015 and August 31, 2015. *See* AR 35-73. On May 4, 2016 the ALJ found Plaintiff was not disabled. AR 12-34. On June 27, 2017, Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's May 4, 2016 decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by failing to properly consider: (1) the opinions of examining psychologist Dr. Melanie Mitchell, Psy.D, examining physician Dr. Rachel Beda, M.D., examining physician Dr. Marie Ho, M.D., examining psychiatrist Dr. Melinda Losee, Ph.D., examining psychologist Dr. Tasmyn Bowes, Psy.D.; the mental health clinical findings of clinician Diane Young, mental health practitioner James Fernandez, MA, LMHP, mental health counselor, Benjamin McWhorter, MA, MHP, LMHC, and nurse practitioner Laura Wade ARNP, RN, MHP; medical evidence from Dr. Allen Millard, M.D., Dr. John Baldwin, M.D., and Dr. Rachel Reeg, M.D.; and the opinions of state agency non-examining sources Dr. Dana Harmon, Ph.D., Dr. Bruce Eather, Ph.D., and Dr. Robert Hoskins, M.D.; (2) Plaintiff's subjective symptom testimony; (3) the RFC and step five findings; and (4) new evidence submitted to the Appeals Council. Dkt. 12.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.  Whether the ALJ properly considered the medical evidence.**

Plaintiff alleges the ALJ failed to properly consider all of the medical opinion evidence, the opinions of eight medical providers: Dr. Mitchell, Dr. Beda, Dr. Ho, Dr. Losee, Dr. Bowes, Dr. Harmon, Dr. Eather, and Dr. Hoskins. Dkt. 12 at 2-10. Plaintiff also argues the ALJ failed to

properly evaluate the clinical findings of Ms. Young, Mr. Fernandez, Mr. McWhorter, Ms. Wade, Dr. Millard, Dr. Baldwin, and Dr. Reeg.[1] *See id.*

A. <u>Dr. Mitchell, examining psychologist</u>

Plaintiff contends the ALJ failed to provide adequate reasons for giving little weight to the opinion of examining psychologist, Dr. Mitchell. Dkt. 12 at 2-4. The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

On November 20, 2013, Dr. Mitchell conducted a psychological evaluation and assigned Plaintiff a Global Assessment Functioning ("GAF") score of 50. AR 476-481. Dr. Mitchell diagnosed Plaintiff with bipolar disorder, rule out ADHD and PTSD, and personality disorder (with borderline traits). AR 477-78. She found Plaintiff is markedly limited[2] in his ability to perform activities within a schedule; maintain regular attendance and be punctual with customary

---

[1] In his decision, the ALJ discussed the opinions of Drs. Mitchell, Beda, Ho, Losee, Bowes, Harmon, Eather, and Hoskins. *See* AR 25-27. The ALJ did not discuss the clinical findings of Ms. Young, Mr. Fernandez, Mr. McWhorter, Ms. Wade, Dr. Millard, Dr. Baldwin, or Dr. Reeg. *See id.*

[2] Defined as "a very significant limitation on the ability to perform one or more basic work activity[.]" AR 478.

tolerances without special supervision; and complete a normal work day and work week without interruptions from psychologically based symptoms and moderately limited[3] in his ability to understand, remember, and persist in tasks by following detailed instructions; adapt to changes in a routine work setting; communicate and perform effectively in a work setting; maintain appropriate behavior in a work setting; and set realistic goals and plan independently. AR 478.

The ALJ stated she gave little weight to Dr. Mitchell's marked limitations and GAF score because Dr. Mitchell's opinion was: (1) inconsistent with Dr. Bowes more recent examination; (2) inconsistent with the examination findings; and (3) based on Plaintiff's self-reports. AR 26.

1. *Inconsistent with Dr. Bowes' more recent examination*

First, the ALJ rejected Dr. Mitchell's opinion because it was "nearly three years old[,]" and more recent evidence showed Plaintiff "has very few limitations and is capable of engaging in simple routine work with limited contact with others.". AR 26. Specifically, the ALJ noted the more recent opinion of Dr. Bowes, *see* AR 26, an examining psychologist who opined in January 2015 "Mr. Pratt's test results do not support broad based cognitive difficulties that would significantly interfere with his ability to learn and follow through in an average work setting at this time." AR 423.

The Court is mindful of authority wherein, as a general matter, a more recent medical opinion may have more probative value than an older opinion regarding the plaintiff's abilities. *See Orn v. Astrue,* 495 F.3d 625, 633–34 (9th Cir. 2007); *Young v. Heckler*, 803 F.2d 963, 968 (9th Cir. 1986); *Stone v. Heckler*, 761 F.2d 530, 532 (9th Cir. 1985); *see also Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir. 1992). However, this authority is applicable only if the record reflects the plaintiff's condition changed in the period between the two opinions. *See Orn,* 495 F.3d at

---

[3] Defined as "significant limits on the ability to perform one or more basic work activity." AR 478.

633–34 (a more recent medical opinion may be entitled to greater deference than an older opinion, where the more recent opinion describes or considers later significant medical events or conditions); *Stone,* 761 F.2d at 532 (finding the most recent medical opinion was the most probative because the claimant's condition "was progressively deteriorating"); *cf. Young,* 803 F.2d at 968 (declining to afford greater weight to more recent medical report when "it is far from clear that [claimant's] condition was progressively deteriorating").

Here, the record is far from clear Plaintiff's mental impairments changed or improved in the three years after Dr. Mitchell issued her opinion so as to justify according greater weight to the more recent opinion of Dr. Bowes. In fact, the record reflects Plaintiff continued to seek treatment between 2013 and 2015 for his bipolar disorder, depression, and ADHD with little change in his symptoms. *See* AR 392-415, 490-634. For example, in 2014, several other mental health providers rated Plaintiff's GAF score at 50. AR 497-98 (Ms. Young), 522 (Ms. Wade). In March 2014, Ms. Young's treatment notes reflect Plaintiff showed serious functional impairment in his daily activities. AR 499. She also observed somatic thought content, labile/depressed mood, below-average intellectual functioning, chronic impairment of insight/judgment, and poor attention span. AR 497-98. Mr. McWhorter saw Plaintiff numerous times between October 2014 and April 2015 and consistently observed Plaintiff with fatigue, blunted affect, depressed/flat/anxious mood, and slowed speech. AR 523-524, 525-526, 529-530, 531-532, 533-536, 539-554, 559-84.

And although the ALJ noted "[t]he claimant himself has stated his anxiety and depression have not significantly interfered with his ability to work[,]" *see* AR 26 (citing AR 423 (Dr. Bowes' evaluation)), it is not clear what time period Plaintiff was referring to when he made this statement. As a result, the ALJ has not provided sufficient findings to show Plaintiff's condition

had changed at the time of Dr. Bowes' opinion. The ALJ must do more to adopt the findings of a more recent opinion than simply stating the more recent opinion controls. Here, while the record does demonstrate a conflict between the opinions of Dr. Mitchell and Dr. Bowes, this conflict in itself was not a legally sufficient reason in itself. *See Lester*, 81 F.3d at 830 (in event of conflict in the medical opinion evidence, an ALJ still must provide legally sufficient reasons to reject a treating or examining physician's opinion); *see also Widmark v. Barnhart,* 454 F.3d 1063, 1066-67 and n.2 (9th Cir. 2006) (existence of a conflict among the medical opinions by itself cannot constitute substantial evidence for rejecting a treating physician's opinion).

    2. *Inconsistent with examination findings*

The ALJ also found Dr. Mitchell's opinion was "not entirely consistent with the findings of her examination." AR 26. The ALJ noted Plaintiff's memory was intact, and his fund of knowledge, concentration, and abstract thought were normal. AR 26. Contradictions between a medical source's opinion and her own clinical notes and observations is a legally sufficient basis for rejecting the opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Rollins v. Massanari,* 261 F.3d 853, 856 (9th Cir. 2001) (upholding ALJ's rejection of a medical opinion which was internally inconsistent).

However, "[t]o say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim." *Embrey,* 849 F.2d at 421. Here, "[the ALJ] merely states that the objective factors point toward an adverse conclusion and makes no effort to relate any of these objective factors to any specific medical opinions and findings he rejects. This approach is inadequate." *Id.* at 422. Without more from the ALJ, it is not clear how the fact Plaintiff had normal

concentration, memory and abstract thought is inconsistent with Dr. Mitchell's finding Plaintiff's psychological symptoms associated with bipolar disorder and personality disorder would preclude him from sustaining a normal work day and/or work week. *See* AR 477-78. *See e.g. Sherer v. Berryhill,* 2017 WL 2561595, at *3 (W.D. Wash. May 9, 2017), *report and recommendation adopted,* 2017 WL 2559785 (W.D. Wash. June 12, 2017) (holding although the plaintiff performed well on mental status examinations with several providers demonstrating normal thought processes, content, orientation, memory, perception, fund of knowledge, and concentration, this was not inconsistent with a marked limitation in her ability to perform effectively in a work setting due to major depressive disorder, chronic pain, and borderline personality disorder.); *de Tellez v. Berryhill,* 2018 WL 791134, at *8 (C.D. Cal. Feb. 8, 2018) (The fact the plaintiff could adequately recount her familial, educational, and occupational history and had adequate memory is not necessarily inconsistent with physician's finding the plaintiff's psychological symptoms would preclude her from sustaining concentration over a normal work week.).

      Moreover, the ALJ failed to address the entirety of Dr. Mitchell's mental status examination and observations. *See* AR 479-80. Dr. Mitchell also found Plaintiff's thought process and content were not within normal limits ("Minimal, on the low end"), observing Plaintiff had suicidal ideation. AR 480. Dr. Mitchel found Plaintiff's insight and judgment were not within normal limits, noting Plaintiff had limited insight into his condition. AR 480. Dr. Mitchell observed psychomotor agitation during the examination and found Plaintiff's affect was consistent with his stated depressed and anxious mood. AR 479. Moreover, Dr. Mitchell's clinical findings reflect an impaired ability to work. Dr. Mitchell found Plaintiff's depression symptoms were on-going and marked to moderate, noting a depressed mood, anhedonia, fatigue,

lack of energy, hopelessness, worthlessness, suicide attempt(s), and unstable moods. AR 477. She noted Plaintiff's mania was moderate, and needed stabilization to continue. AR 477. Thus, in finding Dr. Mitchell's opinion was inconsistent with the treatment record, it appears the ALJ ignored this evidence supporting Dr. Mitchell's opinion and instead, selectively picked the statements which supported the ALJ's conclusion. *See Garrison v. Colvin,* 759 F.3d 995, 1017 & n.23 (9th Cir. 2014) (*citing Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) (noting a claimant's condition must be evaluated "in the context of the overall diagnostic picture").

Therefore, the ALJ erred in rejecting Dr. Mitchell's opinion as entirely inconsistent with the limitations she assessed.

3. *Plaintiff's self-reports*

Lastly, the ALJ rejected Dr. Mitchell's opinion because it was based on "claimant's reports of difficulties rather than objective evidence." AR 26. An ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). This situation is distinguishable from one in which the doctor provides his own observations in support of his assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (*citing Ryan*, 528 F.3d at 1199-1200). Notably, a psychiatrist's clinical interview and mental status evaluation are "objective measures" which "cannot be discounted as a self-report." *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

In *Buck*, the Ninth Circuit noted "[p]sychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields." 869 F.3d at 1049. "Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry. Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Id.* (internal citations omitted).

Here, the record shows Dr. Mitchell performed a mental status examination and clinical interview during her evaluation with Plaintiff. AR 476-480. Dr. Mitchell also reviewed a previous psychological evaluation completed in April 2010. AR 476. Dr. Mitchell did not discredit Plaintiff's subjective reports, and supported her opinion with a review of previous records, objective testing, personal observations, and a clinical interview. *See* AR 476-480. As such, the Court finds Dr. Mitchell's opinion was not more heavily based on Plaintiff's subjective complaints and self-reports.

After considering the record and the ALJ's findings, the ALJ has failed to provide a specific and legitimate reason, supported by substantial evidence, for giving little weight to Dr. Mitchell's opinion, specifically the marked limitations and GAF score. Accordingly, the ALJ erred.

4. *Harmless error*

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific

application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)). Furthermore, "the fact that the administrative law judge, had [he] considered the entire record, might have reached the same result does not prove that [his] failure to consider the evidence was harmless. Had [he] considered it carefully, [he] might well have reached a different conclusion." *Hollingsworth v. Colvin*, 2013 WL 3328609, *4 (W.D. Wash. July 1, 2013) (*quoting Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010)).

Had the ALJ properly considered all of Dr. Mitchell's opined limitations, the ALJ may have found Plaintiff disabled or included additional limitations in the RFC. For example, Dr. Mitchell found Plaintiff is markedly limited in his ability to perform activities within a schedule; maintain regular attendance and be punctual with customary tolerances without special supervision; and complete a normal work day and work week without interruptions from psychologically based symptoms. AR 478. These limitations were not accounted for in the RFC. *See* AR 19 (RFC limited Plaintiff to sedentary work). If Dr. Mitchell's opinions as to Plaintiff's limitations were included in the RFC and in the hypothetical questions posed to the vocational expert, the ultimate disability determination may have changed. Therefore, the ALJ's error is not harmless, *see Molina*, 674 F.3d at 1115, and this case must be remanded for further consideration of the medical evidence.

B.  Other medical opinion and objective evidence

Plaintiff next maintains the ALJ failed to properly consider the opinions and clinical findings of Dr. Beda, Dr. Ho, Dr. Losee, Dr. Bowes, Ms. Young, Mr. Fernandez, Mr. McWhorter, Ms. Wade, Dr. Milliard, Dr. Baldwin, Dr. Reeg, Dr. Harmon, Dr. Eather, and Dr.

Hoskins. Dkt. 12 at 4-10. The Court concludes the ALJ committed harmful error in assessing Dr. Mitchell's opinion and this case must be remanded for further consideration of her opinion. *See* section I.A, *supra*. As this case must be remanded, the Court declines to consider whether the ALJ's consideration of the opinions and clinical findings of these other providers were erroneous. Rather, the Court finds the ALJ should re-evaluate all of the medical opinion and objective medical evidence, including the opinions and clinical findings of Dr. Beda, Dr. Ho, Dr. Losee, Dr. Bowes, Ms. Young, Mr. Fernandez, Mr. McWhorter, Ms. Wade, Dr. Milliard, Dr. Baldwin, Dr. Reeg, Dr. Harmon, Dr. Eather, and Dr. Hoskins on remand.

## II. Whether the ALJ provided proper reasons for discounting Plaintiff's subjective symptom testimony

Plaintiff contends the ALJ erred in evaluating Plaintiff's subjective symptom testimony. Dkt. 12 at 10-16. As previously stated, the Court concludes the ALJ committed harmful error in assessing Dr. Mitchell's opinion. *See* section I, *supra*. Because the ALJ's reconsideration of the medical evidence may impact his assessment of Plaintiff's subjective symptom testimony, the ALJ must reconsider the Plaintiff's subjective symptom testimony on remand.

## III. Whether the ALJ erred in evaluating the RFC and Step Five Finding

Plaintiff argues given the purported errors in the ALJ's analysis of the opinion evidence, the ALJ's step five finding was not supported by substantial evidence. Dkt. 12 at 16-17. The Court already has concluded the ALJ erred in reviewing Dr. Mitchell's opinion and this matter should be reversed and remanded for further consideration. *See* section I, *supra*. Therefore, the remainder of the sequential disability evaluation process, including the RFC and step five findings, will need to be assessed anew.

//

ORDER REVERSING AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS -
12

**IV. Whether the ALJ erred in failing to consider new evidence submitted to the Appeals Council**

Plaintiff argues new evidence, an evaluation by Dr. Keith Krueger, Ph.D., submitted to the Appeals Council and generated after the ALJ's decision shows the ALJ's decision is not supported by substantial evidence. Dkt. 12 at 17-19, Dkt. 12-1 (Dr. Krueger's report). Plaintiff argues the Court should overturn the Appeals Council's decision to exclude Dr. Krueger's report from the record and review the report under sentence four, or in the alternative, remand under sentence six. *Id. See* 42 U.S.C. § 405(g). Because the ALJ's RFC finding will be assessed anew following remand, *see* section III, *supra,* the ALJ should also evaluate any new evidence, including Dr. Krueger's report.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined Plaintiff to be not disabled. Therefore, the ALJ's decision to deny benefits is reversed and remanded for further administrative proceedings in accordance with the findings contained herein.[4]

Dated this 30th day of April, 2018.

David W. Christel
United States Magistrate Judge

---

[4] Plaintiff's Opening Brief only argues the case should be remanded for further administrative proceedings and does not seek remand for an award of benefits. *See* Dkt. 12.